# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
## Newport News Division

IN RE: ALICE R. WILSON  
Debtor.

CASE NO. 13-50786-FJS  
CHAPTER 13

## MOTION TO APPROVE LOAN MODIFICATION AFTER CONFIRMATION PURSUANT TO LBR 6004-4 AND NOTICE THEREOF

Comes now the debtor, Alice R. Wilson, by Counsel, and states as follows:

1. Debtor filed a Chapter 13 bankruptcy on May 17, 2013.

2. In her Modified Chapter 13 Plan filed on April 18, 2014 and confirmed by order of the court on June 6, 2014, debtor was to pay $233.00 per month for 2 months, then $500.00 per month for 9 months, and then $531.00 per month for 49 months to the Chapter 13 Trustee.

3. One of the assets that the debtor had at the time of the filing of her bankruptcy was the ownership of 236 Bush Springs Road, Toano, VA in James City County described as:

> All that certain piece of parcel of land, containing 1 acre, more or less, with improvements thereon, and bounded and described as follows: being a portion of the land called 'Pine Woods' and being a part of the Ben Piggott Estate, and bounded on the north and east by the land of Jim Davenport; on the south by the land formerly owned by Walker Cumber, now the property of his widow, Lizzie Givins; and on the west by the land formerly owned by Park Jones; said lines being at a walnut tree and running in a straight line to a road between Jim Davenport's and Park Jones'; thence along said road in a northerly direction to a cherry tree; thence in a straight line to the point of beginning, said land is situate in Powhatan District, County of James City.

John W. Raymond, Esquire  
VA State Bar #28666  
Counsel for Alice R. Wilson  
Raymond & Raymond PLLC  
P.O. Box 522  
Norge, VA 23127  
(757) 565-0423

4. Debtor currently has a loan on the property at 7.765% interest. The note presently requires monthly payments of principal and interest of $1,270.91 per month. The maturity date of the loan is May 25, 2036. Debtor was behind on her mortgage when she filed her bankruptcy, and the debtor has become behind on post-petition payments while in her bankruptcy.

5. Debtor has been offered a loan modification (copy attached as Exhibit A) from her mortgage holder with an interest rate of 5.875% and a monthly payment for principal and interest of $1,020.20. The maturity date of the loan will be March 1, 2057.

6. The loan modification will enable the debtor to keep her home and to complete her Chapter 13 Plan.

7. Should this loan modification be approved, debtor will file a new budget no later than 30 days after the Loan Modification has been completed.

WHEREFORE, debtor prays that she be authorized to modify the loan as stated above.

## NOTICE OF MOTION

The debtor is filing the above Motion with the court to modify her real estate loan.

**Your rights may be affected. Your should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to approve the Motion or if you want the court to consider your views on the Motion, then on or before twenty one (21) days after the date of the Service of this Motion you or your attorney must:

File a written request for a hearing at the court at:

William C. Redden, Clerk
U.S. Bankruptcy Court
600 Granby Street, Room 400
Norfolk, VA 23510-1915

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

John W. Raymond, Esquire
P.O. Box 522
Norge, VA 23127


R. Clinton Stackhouse, Jr., Trustee
7021 Harbour View Blvd, Ste. 101
Suffolk, VA 23435

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.


ALICE R. WILSON

Date: 7/25/17

_____
John W. Raymond
Attorney at Law
P.O. Box 522
Norge, VA 23127

## CERTIFICATE OF SERVICE

I certify that on 25 July, 2017, I mailed by First Class Mail (or served by ECF if so indicated) a true and correct copy of the Motion to Approve Loan Modification After Confirmation Pursuant to LBR 6004-4 and Notice Thereof to the entities on the attached List of Service

_____
John W. Raymond

## List of Service

Beneficial Financial I Inc.
9441 LBJ Freeway, Suite 350
Dallas, TX 75243-4652

Beneficial Financial I Inc (HSBC Consumer L)
c/o McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707-4808

Caliber Home Loans, Inc.
P.O. Box 24330
Oklahoma City, OK 73124-0330

PRA Receivables Management, LLC
P.O. Box 41067
Norfolk, VA 23541-1067

AGF/Springleaf Financial
Attn: Bankruptcy Dept.
P.O. Box 3251
Evansville, IN 47731-3251

Alice Wilson
236 Bush Springs Road
Toano, VA 23168-9019

Amerigas Propane
7201 George Wash. Mem. Hwy.
Gloucester, VA 23061-5132

Capital One Bank (USA) N.A.
P.O. Box 12907
Norfolk, VA 23541-0907

Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134-2500

Capital One
P.O. Box 5253
Carol Stream, IL 60197-5253

Credit Control Corp.
P.O. Box 6610
Newport News, VA 23606-0610

HSBC
636 Grand Regency Blvd
Brandon, FL 33510-3942

HSBC Mortgage Services Inc.
P.O. Box 21188
Eagan, MN 55121-0188

Housing and Urban Development
Single Family Notes Branch
451 Seventh Street, SW
Washington, DC 20410-0001

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
400 North 8th Street
Box 76, Room 898
Richmond, VA 23219

McCabe, Weisbery & Conway LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707-4808

Portfolio Recovery Associates LLC
P.O. Box 41067
Norfolk, VA 23541-1067

Riverside Regional Hospital
P.O. Box 6008
Newport News, VA 23606-0008

Rushmore Loan Management Services, LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA 92618-2132

Virginia Dept. of Taxation
P.O. Box 2156
Richmond, VA 23218-2156

James E. Clarke, Esquire
(ECF)

Craig Andrew Edelman, Esquire
(ECF)

Joseph M. LeNoir, Esquire
(ECF)

Abby Kelley Moynihan, Esquire
(ECF)

Kathryn E. Smits, Esquire
(ECF)

R. Clinton Stackhouse, Jr.
Chapter 13 Trustee
(ECF)

**After Recording Return To:**
**Rushmore Loan Management Services LLC**
15480 Laguna Canyon Road
Irvine, California 92618

**This Document Prepared By:Srdjan Njego**
**Rushmore Loan Management Services LLC**
15480 Laguna Canyon Road
Irvine, California 92618

_____ [Space Above This Line For Recording Data] _____

Certified Original Loan Amount: **$197,470.00**                                                  Loan No: ▓▓▓▓▓0337

# LOAN MODIFICATION AGREEMENT
Tax Exempt per Virginia State Code 58.1-809

This Loan Modification Agreement ("Agreement"), made this **31st day of March, 2017**, between **ALICE R. WILSON, UNMARRIED** ("Borrower") and Owner, by and through **Rushmore Loan Management Services LLC, as current servicer and agent**, whose address is **15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **May 25, 2006** and recorded in **Instrument No: 060013692**, of the Official Records of **JAMES CITY** County, VA and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**236 BUSH SPRINGS RD, TOANO, VA 23168,**
(Property Address)
the real property described being set forth as follows:

**AS SET FORTH IN THE DEED OF TRUST**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 31, 2017**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$261,902.15**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$73,507.75** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$188,394.40**. Interest at the rate of **5.875%** will begin to accrue on the Interest Bearing Principal Balance as of **March 1, 2017** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **April 1, 2017**. The new Maturity Date will be **March 1, 2057**. Borrower's payment schedule for the modified Loan is as follows:



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Virginia           Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8869 08/14                                                                                          (page 1 of 5)



Exhibit A

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 5.875% | March 01, 2017 | $1,020.20 | $197.52 May adjust periodically | $1,217.72 May adjust periodically | April 01, 2017 | 480 |

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Virginia                                   Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8869 08/14                                                                                                   (page 2 of 5)

shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)  All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)  Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)  Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

7. This Agreement modifies an obligation secured by an existing security instrument recorded in JAMES CITY County, VA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $211,733.74. The principal balance secured by the existing security instrument as a result of this Agreement is $261,902.15, which amount represents the unpaid principal balance of this original obligation.

*7600480337*

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Virginia
Mortgage Cadence Document Center © 8869 08/14

Form 3179 1/01 (rev. 4/14)
(page 3 of 5)

In Witness Whereof, the Lender and I have executed this Agreement.

_____*Alice R. Wilson*_____ (Seal)
ALICE R. WILSON -Borrower

_____ [Space Below This Line For Acknowledgments] _____
State of Virginia

County of __James City__

The foregoing instrument was acknowledged before me, this __19th__ day of __July__, __2017__
by __ALICE R. WILSON__

_____.

_____*John W. Raymond*_____
(Signature of person taking acknowledgment)
__NOTARY PUBLIC__
(Title or rank)
__183729__
(Serial number, if any)

My commission expires the __31st__ day of __December__, __2018__

[Notary Seal: JOHN W. RAYMOND, NOTARY PUBLIC, REG # 183729, MY COMMISSION EXPIRES 12/31/2018, COMMONWEALTH OF VIRGINIA]

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**



*760048037*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Virginia
Mortgage Cadence Document Center © 8869 08/14

Form 3179 1/01 (rev. 4/14)
(page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _____

County of _____

The foregoing instrument was acknowledged before me on _____

by _____, the _____ of

_____.

_____
(Signature of person taking acknowledgment)

_____
(Title or rank)

_____
(Serial number, If any)

My commission expires the _____ day of _____, _____